UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY EVANS, | CASE NO.    1:12-CV-00284-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| | (ECF NO. 1) |
| v. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| JUDGE DENNIS L. BECK, et al., | |
| Defendants. | |
| _____ / | |

**FIRST SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Anthony Ray Evans is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Complaint, ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

-1-

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.    SUMMARY OF COMPLAINT

Plaintiff re-iterates certain allegations previously disposed of on the merits before the Honorable Dennis L. Beck, United Stated Magistrate Judge, in Anthony Ray Evans v. Gonzales, E.D. Cal. Case No. 1:10-cv-01680-DLB PC,[1] relating to events in 2010

---

[1] Judgment dismissing this action for failure to state a claim was entered on August 12, 2011. (See Judgment, E.D. Cal. Case No. 1:10-cv-01680-DLB PC, ECF No. 32); Mandate affirming Judgment on appeal issued by the United States Court of Appeals for the Ninth Circuit on December 29, 2011. (See Mandate, E.D. Cal. Case No. 1:10-cv-01680-DLB PC, ECF No. 40.)

involving correctional staff at the California Correctional Institution ("CCI") in Tehachapi,

California. (Complaint at 2, 13.) He alleges that corrections staff Defendants Sampson,

Sanders, Burrows, Mello, Phillips and Steadman required that he take a cell-mate

notwithstanding his history of violence against cell-mates. (Id.) He then attacked his cell-

mate, was pepper-sprayed, insufficiently decontaminated, given a rules violation, and his

related prison grievance was improperly handled and ultimately denied, violating his

rights under the Eighth and Fourteenth Amendments. (Id. at 4-13.)

He also alleges that Judge Beck engaged in judicial misconduct in the Gonzales

action. (Id. at 13.)

He names as Defendants (1) Judge Beck, (2) Stainer, Warden, (3) Mello, Sgt., (4)

Phillips, Counselor, (5) Steadman, Assoc. Warden, (6) Burrows, Sgt., (7) Sander, Lt.,

and (8) Sampson, Appeals Coordinator.[2] (Id. at 2.)

He seeks monetary compensation. (Id. at 4.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

that  a right secured by the Constitution or laws of the United States was violated and (2)

that the alleged violation was committed by a person acting under the color of state law.

West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that

---

[2] Judge Beck and Warden Stainer are named in the Complaint's caption but not included in the Complaint's Section III listing of Defendants.

the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.      Personal Participation

To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his or her rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Defendants can not be held liable under § 1983 solely because of supervisory capacity.

Plaintiff fails to allege any facts personally linking Defendant Warden Stainer. Plaintiff may not proceed against this Defendant unless he alleges facts plausibly claiming this Defendant *personally* "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Fed. R. Civ. P.

8(a).

###### C.    Res Judicata

After careful review of the record, the Court finds that the claims asserted against Defendants Sampson, Sanders, Burrows, Mello, Phillips and Steadman are barred by the doctrine of *res judicata*. These Defendants were named defendants in Gonzales and the factual allegations and claims for relief in this action are the same as those previously considered and disposed of by final judgment on the merits in their favor in Gonzales.

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits in any subsequent action between the same parties. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051-52 (9th Cir. 2005). The elements necessary to establish *res judicata* are: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. See Rest. 2d Judgments § 17; see also Adams v. California Dep't of Health Servs, 487 F.3d 684, 688-89 (9th Cir. 2007); Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003)). Additionally, "[r]es judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, the Court examines the following criteria, (1) whether rights

or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, (2) whether substantially the same evidence is presented in the two actions, (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982). "The last of these criteria is the most important." Id. at 1202.

Based on the above comparison of Gonzales and this action, the Court finds that Defendants Sampson, Sanders, Burrows, Mello, Phillips and Steadman were named as defendants in Gonzales, that both actions stem from an identical nucleus of facts, present identical evidence and claims, and allege infringement of the same federal rights. Judgment dismissing the Gonzales action for failure to state a claim was entered on August 12, 2011, and Mandate affirming Judgment upon appeal to the United States Court of Appeals for the Ninth Circuit was filed on December 29, 2011.[3] "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981) (citing Bell v. Hood, 327 U.S. 678 (1946)).

The Court finds that Plaintiff's instant claims against Defendants Sampson, Sanders, Burrows, Mello, Phillips and Steadman were asserted in Gonzales and dismissed on the merits by final judgment for failure to state a claim. Plaintiff may not re-litigate these claims against Defendants Sampson, Sanders, Burrows, Mello, Phillips and Steadman.

---

[3] See n1.

## D.    Inmate Appeals

Plaintiff may wish to allege, apart from the claims barred by *res judicata* discussed above, that Defendants violated his rights by failing to process and respond properly to his inmate appeals. Such a claim may not proceed. Amendment to allow it to be asserted would be futile.

Defendants' actions in responding to Plaintiff's appeal cannot alone give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. Plaintiff can not state a plausible inmate appeal claim against Defendants. Such a claim may not proceed. Amendment to allow it to be asserted would be futile.

## E.    Judicial Immunity

Plaintiff alleges that Judge Beck violated his constitutional rights in the Gonzales case. Such a claim may not proceed.

It is well established that judges are entitled to absolute immunity for judicial acts. Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985); Stump v. Sparkman, 435 U.S. 349,

355-56 (1978); Crowe v. County of San Diego, 608 F.3d 406, 430 (9th Cir. 2010);

Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003);

see Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("[a]bsolute

immunity is generally accorded to judges and prosecutors functioning in their official

capacities"); see also Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding

that judges and prosecutors are immune from liability for damages under § 1983).

Judicial immunity is not lost by allegations that a judge conspired with a third party. "As

long as the judge's ultimate acts are judicial actions taken within the court's subject

matter jurisdiction, immunity applies." Ashelman, 793 F.2d at 1078 (9th Cir. 1986).

Plaintiff can not pursue a § 1983 claim for damages against Judge Beck relating

to the Gonzales action. Such a claim may not proceed. Amendment to allow it to be

asserted would be futile.

**V.     CONCLUSION AND RECOMMENDATIONS**

Plaintiff's Complaint fails to state any cognizable claim under 42 U.S.C. § 1983.

The Court will grant Plaintiff an opportunity to file an amended complaint consistent with

the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809

F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set

forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at

1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each

named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d

at 934.

-8-

1    Plaintiff should note that although he has been given the opportunity to amend, it

2  is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

3  Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

4  curing the deficiencies set forth above.

5    Finally, Plaintiff is advised that Local Rule 220 requires that an amended

6  complaint be complete in itself without reference to any prior pleading. As a general rule,

7  an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

8  55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

9  longer serves any function in the case. Therefore, in an amended complaint, as in an

10  original complaint, each claim and the involvement of each defendant must be

11  sufficiently alleged. The amended complaint should be clearly and boldly titled "First

12  Amended Complaint", refer to the appropriate case number, and be an original signed

13  under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

14  8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

15  right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

16    Based on the foregoing, it is HEREBY ORDERED that:

17    1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

18          complaint form and (2) a copy of his Complaint filed February 27, 2012,

19    2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which

20          relief may be granted,

21    3.    Plaintiff shall file an amended complaint within thirty (30) days from service

22          of this order, and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:     July 27, 2012                          /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE