UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY EVANS,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE DENNIS L. BECK, et al.,<br><br>Defendants.<br>_____/ | CASE NO.   1:12-cv-00284-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 8)<br><br>FOURTEEN (14) DAY DEADLINE |

I.   **PROCEDURAL HISTORY**

Plaintiff Anthony Ray Evans is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Complaint, ECF No. 1.) Plaintiff has declined to consent to Magistrate Judge jurisdiction. (Req. for Reassignment, ECF No. 4.)

-1-

On July 27, 2012, the Court dismissed Plaintiff's Complaint for failure to state a claim; Plaintiff was given leave to amend. (Order Dismiss. Compl., ECF No. 11.) No amended Complaint has yet been filed.

Before the Court is Plaintiff's Motion for Preliminary Injunction. (Mot. Prelim. Inj., ECF No. 8.) Plaintiff reiterates allegations in his Complaint that notwithstanding a history of single-cell status because of acts of violence against cell-mates, corrections staff at the California Correctional Institution ("CCI") in Tehachapi, California assigned him a cell-mate and then, even after that he was violent toward his initially assigned cell-mate, assigned another cell-mate for him.[1] (Id. at 2.)

Plaintiff contends assigning him a cell-mate constitutes a deliberately indifferent failure to protect him from the risk of his violence toward cell-mates in violation of his federal rights. (Id. at 3.) He seeks injunctive relief preventing CCI officials from giving him a cell-mate. (Id.) Defendants have not filed any opposition and the time for doing so has passed. Local Rule 230. Plaintiff's Motion for Preliminary Injunction is now before the Court.

## II.   ARGUMENT

Plaintiff alleges in his Complaint that upon his transfer to CCI, corrections staff Defendants, in May of 2010 initially assigned him a cell-mate notwithstanding Plaintiff's history of violence against cell-mates and single-cell status. (Compl. at 4, 13.) This resulted in an incidence of violence, Defendant's use of force against Plaintiff and a rules violation against him. (Id. at 5-7.) He alleges his related prison grievances were not properly

---

[1] Motion for Preliminary Injunction at 1-2.

-2-

handled. (Id. at 7-8.) He brought a § 1983 lawsuit against CCI corrections staff based upon the foregoing in the Eastern District of California before Magistrate Judge Beck,[2] who dismissed the action, according to Plaintiff, because of judicial misconduct.[3] (Id. at 13.)

His letter to the California Department of Corrections - Department of Internal Affairs in June 2011 noting concerns regarding the foregoing did not resolve the matter. (Id. at 3.)

Plaintiff's Complaint seeks monetary compensation. (Id. at 4.)

Plaintiff's Motion for Preliminary Injunction asks the Court to prevent CCI officials from giving him a cell-mate. (Id.)

## III.  LEGAL STANDARDS

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461

---

[2] Anthony Ray Evans v. Gonzales, E.D. Cal. Case No. 1:10-cv-01680-DLB PC.

[3] Judgment dismissing action for failure to state a claim was entered on August 12, 2011. (Gonzales, Judgment, ECF No. 32); Mandate affirming Judgment on appeal issued by the United States Court of Appeals for the Ninth Circuit on December 29, 2011. (Gonzales, Mandate, ECF No. 40.)

U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." <u>Steel Co. v. Citizens for a Better Env't</u>, 454 U.S. 464, 472 (1998).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

### IV.     ANALYSIS

Plaintiff has failed to satisfy the legal prerequisites for injunctive relief. As noted, to succeed on such a motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. <u>Am. Trucking Ass'ns, Inc.</u>, 559 F.3d at 1052 (quoting <u>Winter</u>, 129 S.Ct. at 374).

Plaintiff has not established a likelihood of success on the merits of his claims. His Complaint, which includes the same allegations and claims upon which his Motion for Preliminary Injunction is based, has been dismissed for failure to state a claim. The pleadings to date provide no basis for granting interim injunctive relief relating to the alleged wrongs described in this Motion for Preliminary Injunction.  The Court has no jurisdiction to award any preliminary injunctive relief at this time

For similar reasons, Plaintiff cannot establish the other three prerequisites for an injunction. Plaintiff has not shown that he will suffer an injury without the Court's intervention. Nothing before the Court suggests real and immediate threat of injury. See City of Los Angeles, 461 U.S. at 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Indeed, Plaintiff fails to allege a risk to himself arising from his inclination of violence toward cell-mates. Even if he did, he does not allege he currently has a cell-mate. The most recent incidence of violence is an isolated occurrence in which Plaintiff was violent toward a cell-mate in May of 2010. This does not suggest an ongoing, real and immediate threat of injury. Similarly, the absence of a showing of harm leaves nothing to tip the balance of equities in Plaintiff's favor.

As to the fourth element, while the public has an interest in seeing that everyone, including Plaintiff, receive federal protections legally due, the record before the Court does not justify the Court substituting its judgment for that of prison staff in these issues.

The mere pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 129 S.Ct. 1142, 1148-49 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to any viable legal claims upon which this action is proceeding. Summers, 129 S.Ct. at 1148-49; Mayfield, 599 F.3d at 969. In the Court's experience, frictions may arise from housing and cell-mate assignments and absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132

(2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons).

## V. CONCLUSION AND ORDER

Plaintiff fails to provide facts which would enable the Court to find that he is in need of and entitled to injunctive relief.

Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's Motion for Preliminary Injunction (ECF No. 8) be DENIED without prejudice. These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 30, 2012              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

-6-