# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY EVANS, | CASE No. 1:12-cv-00284-AWI-MJS (PC) |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO FILE AMENDED COMPLAINT |
| JUDGE DENNIS L. BECK, et al., | (ECF No. 15) |
| Defendants. | THIRTY DAY DEADLINE |

I. **PROCEDURAL HISTORY**

Plaintiff Anthony Ray Evans is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Complaint, ECF No. 1.) On July 27, 2012, the Court dismissed Plaintiff's Complaint for failure to state a claim with leave to amend. (Order Dismiss. Compl., ECF No. 11.) On August 16, 2012, Plaintiff filed a First Amended Complaint. (First Am. Compl., ECF No. 14.)

On August 17, 2012, Plaintiff filed a request for leave to file a supplemental pleading in addition to his § 1983 complaint (Mot. To Supplement, ECF No. 15), and that request is now before the Court.

II. **ANALYSIS**

The Court construes the motion to supplement as a motion for leave to file an amended complaint. Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rule 220.

-1-

The Court has broad discretion in denying a supplemental pleading where the interests of judicial economy and convenience are not furthered. Jones v. Bernanke, 685 F.Supp.2d 31, 35 (D.D.C. 2010). Plaintiff may not proceed on both the First Amended Complaint and a pleading that is supplemental thereto as such is not in furtherance of judicial economy and convenience. However, the Court will allow Plaintiff leave to file a second amended complaint that includes all allegations he wishes to plead.

All pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

Plaintiff should note that the amended complaint will supersede the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury.

### III.     ORDER

Accordingly, good cause having been presented to the Court and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that Plaintiff's request for leave to file a supplemental pleading in addition to his § 1983 complaint (ECF No. 15), construed as a motion to amend, is GRANTED such that Plaintiff may file a second amended complaint not later than thirty days from service of this order.

If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   August 20, 2012                     /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE