# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY EVANS, | CASE NO.    1:12-CV-00284-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND |
| | (ECF No. 27) |
| v. | FOURTH AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| JUDGE DENNIS L. BECK, et al., | |
| Defendants. | |
| _____/ | |

## SECOND SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Anthony Ray Evans is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He has declined Magistrate Judge jurisdiction. (ECF No. 4.)

On July 27, 2012, the Court screened and dismissed Plaintiff's Complaint for failure to state a claim, but gave leave to amend. (ECF No. 11.)  On August 16, 2012, Plaintiff filed a First Amended Complaint (ECF No. 14.) On August 17, 2012, Plaintiff requested and was granted leave to file a second amended complaint. (ECF Nos. 15, 16.) On September 4, 2012, Plaintiff lodged a Second Amended Complaint (ECF No. 21) which was filed by the Clerk as the Third Amended Complaint. (ECF No. 27.) The Third Amended Complaint is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

 Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

III.   **SUMMARY OF THE THIRD AMENDED COMPLAINT**

Plaintiff's Third Amended Complaint re-iterates without augmentation Eighth and Fourteenth Amendment allegations found in the original Complaint.  These allegations relate to 2010 events at California Correctional Institution ("CCI") where Defendants Burrows, Phillips, Sanders, and Steadman required Plaintiff take a cell-mate notwithstanding Plaintiff's history of violence against cell-mates (Third Am. Compl., at 4-5); Plaintiff attacked his cell-mate (Id. at 6), was pepper-sprayed and insufficiently decontaminated (Id.), and given rules violation(s) (Id. at 7-8); Defendant Sampson improperly handled and denied his related prison grievance. (Id. at 11-12.)

The Third Amended Complaint newly alleges that Defendant Matzen denied Plaintiff procedural due process in relation to a June 2012 ICC hearing by approving a cell-mate notwithstanding Plaintiff's documented single cell status at prior facilities based upon his violence against cell-mates (Id. at 14-15) and continuing safety concerns (Id. at 16; by removing him from the Mental Health Service Delivery System ("MHSDS") notwithstanding his documented mental health history (Id. at 15); and by use of an "underground rule" keeping Plaintiff in solitary (Security Housing Unit "SHU") confinement without "regularized due process" and in the absence of SHU-able offenses. (Id. at 17.)

He names as Defendants (1) Burrows, CCI Sergeant, (2) Steadman, CCI Associate Warden, (3) Phillips, CCI Correctional Counselor, (4) Sampson, CCI Appeals Coordinator, (5) Sanders, CCI Lieutenant, (6) Matzen, CCI Captain. (Id. at 1-3.)

He seeks monetary compensation. (Id. at 19.)

///////

-3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**IV.    ANALYSIS**

    **A.    Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

    **B.    Eighth Amendment**

Plaintiff's Third Amended Complaint re-alleges previously dismissed circa 2010 Eighth Amendment claims relating to an ICC hearing that cleared him for a cell-mate, his violence against cell-mate(s), application of pepper spray and inadequate decontamination, and related rules violations and grievances. These allegations remain insufficient to state any cognizable Eighth Amendment claim.

///////

-4-

1.   *Re Judicata*

These claims are barred by *res judicata.* They were disposed of on the merits before the Honorable Dennis L. Beck, United Stated Magistrate Judge, in Anthony Ray Evans v. Gonzales, E.D. Cal. Case No. 1:10-cv-01680-DLB PC.[1] As noted in the original screening order, after careful review of the record, the Court finds that the claims asserted against Defendants Sampson, Sanders, Burrows, Phillips and Steadman are barred by the doctrine of *res judicata*. These Defendants were named defendants in Gonzales and the factual allegations and claims for relief in this action are the same as those previously considered and disposed of by final judgment on the merits in their favor in Gonzales.

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits in any subsequent action between the same parties. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051-52 (9th Cir. 2005). The elements necessary to establish *res judicata* are: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. See Rest. 2d Judgments § 17; see also Adams v. California Dep't of Health Servs, 487 F.3d 684, 688-89 (9th Cir. 2007); Headwaters, Inc., 399 F.3d at 1052, quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). Additionally, "[r]es judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir.

---

[1] Judgment dismissing this action for failure to state a claim was entered on August 12, 2011. (See Judgment, E.D. Cal. Case No. 1:10-cv-01680-DLB PC, ECF No. 32); Mandate affirming Judgment on appeal issued by the United States Court of Appeals for the Ninth Circuit on December 29, 2011. (See Mandate, E.D. Cal. Case No. 1:10-cv-01680-DLB PC, ECF No. 40.)

2001).

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, the Court examines the following criteria, (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, (2) whether substantially the same evidence is presented in the two actions, (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982). "The last of these criteria is the most important." Id. at 1202.

Based on the above comparison of Gonzales and this action, the Court finds that Defendants Sampson, Sanders, Burrows, Phillips and Steadman were named as defendants in Gonzales, that both actions stem from an identical nucleus of facts, present identical evidence and claims, and allege infringement of the same federal rights. Judgment dismissing the Gonzales action for failure to state a claim was entered on August 12, 2011, and Mandate affirming Judgment upon appeal to the United States Court of Appeals for the Ninth Circuit was filed on December 29, 2011.[2] "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981), citing Bell v. Hood, 327 U.S. 678 (1946).

The Court finds that Plaintiff's instant claims against Defendants Sampson,

---

[2] See n1.

1
2
3

Sanders, Burrows, Phillips and Steadman were asserted in Gonzales and dismissed on the merits by final judgment for failure to state a claim. Plaintiff may not re-litigate these claims against Defendants Sampson, Sanders, Burrows, Phillips and Steadman.

4

        2.      Deliberate Indifference and Excessive Force

5
6
7
8
9
10
11
12
13
14
15
16
17
18

Even if his 2010 claims were not barred by *res judicata*, Plaintiff nonetheless fails to allege facts plausibly claiming these Defendants were aware of a substantial risk to Plaintiff and then were deliberately indifferent to the risk. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; see also Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[T]he official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837.

19
20
21
22
23
24

These allegations again fail to suggest Plaintiff faced a substantial risk of serious harm. Isolated instances of threats and violence by Plaintiff from years past and previous single cell status at other institutions based thereon are not sufficient to suggest that in May 2010 Plaintiff faced a substantial risk of serious harm from double celling. Moreover, any threat was posed by Plaintiff, not against Plaintiff.

25
26
27

Even if there were such a threat, nothing suggests a knowing disregard by these Defendants, such that they "effectively condone[d]" cell-mate violence. Hill v. Godinez,

-7-

955 F.Supp. 945, 949 (N.D.Ill. 1997). A merely negligent failure to discover or respond to the threat does not support a deliberate indifference claim. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir. 1985).

The facts before the Court do not suggest the scenario as seen in Robinson v. Prunty, 249 F.3d 862, 867 (9th Cir.2001) where prison guards knowingly released inmate onto the exercise yard with hostile inmates and watched the fighting between plaintiff and another inmate for five minutes before intervening. See Keel v. A. Hedgpeth, 2009 WL 321333 *3 (E.D.Cal., February 09, 2009) (deliberate indifference may be present where the facts show a guard watches an attack, was aware of the risks presented by the attack and then did nothing, firing no shots and waiting for the attack to stop).

The claim of insufficient decontamination following application of pepper spray is not supported by facts sufficient to show constitutional violation. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

-8-

further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u> at 1060, citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

The failure to decontaminate prisoners or otherwise provide medical treatment for prisoners exposed to pepper spray can support a claim for the violation of the Eighth Amendment. <u>Clement v. Gomez</u>, 298 F.3d 898, 905 (9th Cir. 2002). However, Plaintiff was decontaminated with a water hose shortly after being pepper sprayed. Cf., <u>Clement,</u> 298 F.3d at 904-06 (the failure of prison officials to decontaminate an inmate following the use of pepper spray may support a claim for under § 1983 for deliberate indifference to the inmate's serious medical needs). He did not complain to Defendants of distress requiring further decontamination. The facts alleged do not suggest any such distress, or actual harm therefrom. <u>See</u> <u>Rogriguez v. Elmore</u>, 407 Fed.Appx. 124, 126 (9th Cir. 2009) (no constitutional claim where use of spray was not done maliciously or sadistically for the purpose of causing harm, and where no knowing disregard of excessive risk to health and safety from effects of the pepper spray).

Plaintiff again fails to allege sufficient facts plausibly claiming that Defendants' violated his Eighth Amendment rights. For the reasons state above leave to amend would be futile and will not be granted.

### C.    Fourteenth Amendment

Plaintiff's Third Amended Complaint newly alleges that Defendant Matzen, in relation to a 2012 ICC hearing, approved a cell-mate for Plaintiff, removed Plaintiff from the MHSDS without procedural due process, and imposed additional solitary (SHU) confinement based upon an "underground rule" without "regularized due process."

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

Plaintiff, as to these 2012 events, fails to identify any liberty interest or allege other facts sufficient under the above standard to suggest he was deprived of a constitutionally protected interest without procedural due process. Nothing before the Court suggests he was deprived of any process due in relation to his housing, program, and SHU confinement.

An inmate has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's classification decisions).

1
2
3

"There is no constitutional right for a state prisoner . . . to be housed in a particular portion or unit of a correctional institution." Merriweather v. Reynolds, 586 F.Supp.2d 548, 557 (D.S.C. 2008), citing Olim v. Wakinekona, 461 U.S. 238 (1983).

4
5
6
7
8
9
10
11
12

      Plaintiff  also fails to allege facts suggesting atypical and significant hardship in relation to SHU confirment. He has not alleged the circumstances under which he was housed in the SHU, the duration and degree of restraint, and how, if at all, this affected his sentence. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). Plaintiff does not have a due process liberty interest in his classification or program. Hewitt, 459 U.S. at 468, overruled on other grounds by Sandin, 515 U.S. at 472; accord Hernandez v. Johnson, 833 F.2d 1316, 1318 (9th Cir. 1987).

13
14
15
16
17
18

      Plaintiff has no liberty interest in avoiding SHU solitary confinement. See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU).

19
20
21
22
23
24

      Plaintiff does not identify or enlighten as to the alleged "underground rule" pursuant to which he was improperly confined.[3] He fails to allege facts suggesting a due process deprivation in this regard. "Where the state regulation is neither unreasonable nor arbitrary, the courts will not interfere with the administrative functions of state prisons." Brooks v. Wainwright, 428 F.2d 652, 653 (C.A. Fla. 1970).

25
26
27

---

[3] It appears CCI corrections staff may have a policy allowing inmates serving SHU time for refusing housing to be confined in the Administrative Segregation Unit ("ASU"). Third Am. Compl. at 69.

1
2
3
4
5
6

Plaintiff fails to allege facts sufficient to claim a due process violation arising from the newly alleged 2012 events involving Defendant Matzen. The Court will allow Plaintiff one **final** opportunity to amend **only** these due process claims against Defendant Matzen. If Plaintiff chooses to amend he must allege facts demonstrating Defendant Matzen's violation of an identified liberty interest pursuant to the above standards.

7

### D.   Exhaustion

8
9

Plaintiff's Third Amended Complaint does not appear to allege that he has exhausted his 2012 Fourteenth Amendment claims against Defendant Matzen.

10
11
12
13
14
15
16

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Act's exhaustion requirement applies to all prison actions. Williams v. Metropolitan Detention Center, 418 F.Supp.2d 96, 100–101 (E.D.N.Y. 2005).

17
18
19
20
21
22
23

Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008), quoting Woodford v. Ngo, 548 U.S. 81, 87–88 (2006).

24
25

If Plaintiff chooses to amend his 2012 Fourteenth Amendment claims against Defendant Matzen, he should allege facts of exhaustion.

26

///////

27

**V.    CONCLUSION AND ORDER**

Plaintiff's Third Amended Complaint does not state a claim for relief under §

1983. The Court will grant him **one final** opportunity to file an amended complaint **solely**

**as to his 2012 Fourteenth Amendment claims against Defendant Matzen**. Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49

(9th Cir. 1987). For the reasons stated above leave to amend would be futile as to the

balance of claims and Defendants against whom asserted in the Third Amended

Complaint.

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

deprivation of his constitutional rights. Iqbal, 556 U.S. at 667-68. He must set forth

"sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678,

quoting Twombly, 550 U.S. at 555. He must also demonstrate that each named

Defendant personally participated in a deprivation of his rights under color of state law.

Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

Cir. 2007). He should carefully read this screening order and focus his efforts on curing

the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. As a general rule,

an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

longer serves any function in the case. Therefore, in an amended complaint, as in an

-13-

original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Fourth Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Third Amended Complaint filed September 4, 2012,

2.      Plaintiff's Third Amended Complaint is dismissed for failure to state a claim upon which relief may be granted,

3.      Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    October 3, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE