UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY EVANS, | CASE No. 1:12-cv-00284-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| JUDGE DENNIS L. BECK, et al., | (ECF No. 29) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

I.    **PROCEDURAL HISTORY**

Plaintiff Anthony Ray Evans is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has declined Magistrate Judge jurisdiction. (Decline Jurisdiction, ECF No. 4.)

On July 27, 2012, the Court screened and dismissed Plaintiff's Complaint for failure to state a claim, but gave Plaintiff leave to amend. (Order Dismiss. Compl., ECF No. 11.) On August 16, 2012, Plaintiff filed a First Amended Complaint. (First Am. Compl., ECF No. 14.) On August 17, 2012, Plaintiff requested leave to file a supplemental pleading (Mot. for Leave, ECF Nos. 15) which the Court construed as a motion to file an amended complaint and granted. (Order Granting Leave, ECF No. 16.) On August 23, 2012, Plaintiff filed a Second Amended Complaint. (Second. Am.

Compl., ECF No. 18.) On September 4, 2012, Plaintiff lodged a Second Amended Complaint. (Lodged Second Am. Compl., ECF No. 21.) Pursuant to Plaintiff's September 17, 2012 Notification of Operative Pleading (Notification, ECF No. 24), the Clerk filed the lodged Second Amended Complaint as the Third Amended Complaint. (Third Am. Compl., ECF No. 27.)

The Court screened the Third Amended Complaint on October 4, 2012 and dismissed it for failure to state a claim, giving Plaintiff leave to amend solely as to his 2012 Fourteenth Amendment claims against Defendant Matzen. (Order Dismiss. Third Am. Compl., ECF No. 28.) Plaintiff filed Objections to the Magistrate Judge's October 4, 2012 Order Dismissing Third Amended Complaint, styled as a Motion for Reconsideration. (Mot. Recons., ECF No. 29.) The Motion for Reconsideration is now before the Court.

## II.   **ANALYSIS**

Plaintiff's Motion for Reconsideration of the October 4, 2012 Order Dismissing the Third Amended Complaint with Leave to Amend shall be denied.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009),

and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Here Plaintiff argues matters already considered by the Court in its October 4th Order, and offers no new or different facts, circumstances, or other grounds for reconsideration.

He argues the Magistrate erred in finding an "identity of claims" sufficient under res judicata doctrine to bar re-litigation of his 2010 Eighth Amendment claims decided in Anthony Ray Evans v. Gonzales[1] because the claims in Gonzales did not arise from the same facts alleged in this action. However, he provides no factual or legal support for this argument, and does not controvert the Magistrate's finding that as to such claims both Gonzales and the instant action stem from an identical nucleus of facts, present identical evidence, and allege infringement of the same federal rights. Claim preclusion bars litigation of claims that were or could have been raised in a prior action. Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007)

Plaintiff  argues that claims in the original Complaint filed in this action are not identical to claims in the Third Amended Complaint. Such a claim, even if true, would not bar application of res judicata arising from the entry of final judgment in Gonzales.

He argues that the Magistrate erred in finding the claims alleged in his Third Amended Complaint insufficient to state a cognizable federal claim even absent the application of res judicata. This is merely a re-hash of matters previously before the Magistrate, unsupported by any new or different facts or circumstances, or other grounds and is not sufficient to support the requested relief.

He argues that he should not be prevented from filing amended pleadings on claims barred by res judicata. This argument is unsupported in, and contrary to

---

[1] E.D. Cal. Case No. 1:10-cv-01680-DLB PC.

applicable law. Likewise his argument that application of res judicata, and leave to amend as granted in the Court's October 4th Order, somehow prevent him from exhausting remedies under the Prison Litigation Reform Act ("PLRA") is unsupported and lacks merit.

Finally, he argues that the Magistrate improperly denied him leave to supplement his prior operative pleading(s). Such denial is not property before the Court, and the request thereon lacks support. The instant Motion for Reconsideration seeks relief only as to the October 4, 2012 Order. The Motion for Reconsideration fails to notice relief as to any order denying supplemental pleading. Any such request for relief is not properly before the Court. Local Rule 230(j). Moreover, Plaintiff provides no new facts or other grounds in support of relief from denial of any motion to supplement. His argument that denial of leave to file a supplemental pleading somehow has prevented his exhaustion of remedies under the PLRA is unsupported and lacks merit.

Plaintiff has been liberally afforded opportunities to file amended pleadings and to clarify which pleading he desires to be operative. Nothing before the Court suggests harm or prejudice in these regards.

Plaintiff provides no good cause for the reconsideration relief he seeks, no evidence that he has been or will be prejudiced in any measurable way if the relief is not granted, and no clear error or other meritorious grounds for relief from the October 4, 2012 Order Dismissing the Third Amended Complaint with Leave to Amend.

### III.   CONCLUSIONS AND RECOMMENDATIONS

Plaintiff has shown no basis for granting a motion for reconsideration.

Accordingly, it is RECOMMENDED that Plaintiff's Motion for Reconsideration (ECF No. 29) be DENIED by the District Judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 31, 2012        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE