IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY EVANS, | CASE No. 1:12-cv-00284-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | (ECF No. 32) |
| JUDGE DENNIS L. BECK, et al., | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |
| Defendants. | |

Plaintiff Anthony Ray Evans is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On July 27, 2012, the Court screened and dismissed Plaintiff's Complaint for failure to state a claim, but gave him leave to amend. (ECF No. 11.) On August 16, 2012, Plaintiff filed a First Amended Complaint. (ECF No. 14.) On August 17, 2012, Plaintiff filed a request for leave to file a supplemental pleading (ECF No. 15) which the Court construed as a motion to file an amended complaint and granted. (ECF No. 16.) On August 23, 2012, Plaintiff filed a Second Amended Complaint. (ECF No. 18.) On

-1-

September 4, 2012, Plaintiff lodged a Second Amended Complaint. (ECF No. 21.) Pursuant to Plaintiff's September 17, 2012 Notification of Operative Pleading (ECF No. 24), the Clerk filed the lodged Second Amended Complaint as the Third Amended Complaint. (ECF No. 27.) On October 4, 2012, the Court screened and dismissed the Third Amended Complaint for failure to state a claim, giving Plaintiff leave to amend by not later than November 8, 2012 solely as to his 2012 Fourteenth Amendment claims against Defendant Matzen. (ECF No. 28.)

Plaintiff moved for reconsideration of the October 4, 2012 Order. (ECF No. 29.) The Court adopted Findings and Recommendations denying the Motion for Reconsideration on November 19, 2012 (ECF No. 32) and ordered Plaintiff to file his Fourth Amended Complaint by not later than November 28, 2012. (Id.)

On December 7, 2012, Plaintiff appealed the Court's denial of reconsideration to the Ninth Circuit Court of Appeals. (ECF No. 33.) The appeal was dismissed for lack of jurisdiction on February 27, 2013. (ECF No. 37.)

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

"The public's interest in expeditious resolution of litigation always favors dismissal," id., quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.

1999), and here, the action has been pending since February 27, 2012 and the Fourth Amended Complaint due since November 28, 2012. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who has not taken steps to ensure an amended pleading is timely filed. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id., citing Yourish 191 F.3d at 991. However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file his amended pleading that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Pagtalunan, 291 F.3d at 643. However, Plaintiff's repeated failure to state a cognizable claim suggests he is unable to state a meritorious claim.

Accordingly, the undersigned HEREBY RECOMMENDS that this action be dismissed with prejudice based on Plaintiff's failure to obey the Court's Order of November 19, 2012.[1]

---

[1] The time for filing Plaintiff's amended pleading expired before he filed his appeal of the denial of his request for reconsideration so that the appeal can not be said to have constituted compliance with the Court's deadline. And even if the pendency of the appeal could be said to have tolled the time for compliance with this Court's deadline, Plaintiff filed nothing within the 30 day period following dismissal of the appeal.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 8, 2013            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE